IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>RAUL RAMOS SILVA<br><br>DEBTOR | CASE NO.: 09-02021 SEK<br><br>CHAPTER 13 |

## APPLICATION FOR COMPENSATION FOR ATTORNEY'S FEES PURSUANT TO RULE 2016 REQUEST

**TO THE HONORABLE COURT:**

    **COMES NOW** the undersigned attorney and very respectfully prays and states:

    1) That the undersigned continuously throughout this case, since the employment by the debtor, has served as counsel for the debtor.

    2) The undersigned legal counsel has not received any additional attorney's fees for services rendered, described in more detail in the attached invoice refer herein as Exhibit A, and following the statement of compensation as per Rule 2016(b) included in the Petition.

    3) The undersigned legal counsel requests this Honorable Court to approve as compensation for attorney's fees (invoice attached) for legal work and advice covering the period from filing until present. The counsel has performed all her duties in defense and protection of the debtor.

    4) The undersigned attorney has provided services necessary to protect the interests of the debtors in connection with the bankruptcy case and to protect the estate itself.

5) The regular hourly rate charged by the undersigned attorney for bankruptcy and non-bankruptcy legal services is $140.00.

6) In support of her request for compensation, the undersigned attorney respectfully prays the following statements with respect to the considerations set forth in bankruptcy law.

> The service rendered and expenses incurred are reasonable and necessary and actual services provided in the above captioned case. Further, the time spent on such services are clearly stated for each independent task performed and the time spent is actual and necessary, the time spent by the attorney and professional employees for which she seeks compensation herein was reasonable and appropriate, and not excessive, redundant, or otherwise unnecessary.

> The rates charged by the undersigned attorney are reasonable and customary and in line with the prevailing market rate in this legal community for similar services by attorneys and professional employees of reasonably comparable skill, experience, and reputation.

> Reasonableness of expenses incurred. The undersigned attorney respectfully represents that the disbursements made by her, and expenses actually incurred by her in connection with its representation of the debtor as set forth, and for which she seeks reimbursement in this application, are reasonable and necessary.

7) In the event of an objection to this fee application, or, alternatively, if the Court so desires, the undersigned attorney will present direct evidence and/or opinion evidence as to the reasonableness and necessity for the services rendered or the expenditure of the disbursement and out-of-pocket expenses for which she seeks reimbursement. Otherwise, we respectfully requests the Court to examine the statement of services rendered and of disbursements made and out-of-pocket expenses incurred by the undersigned attorney as detailed in Exhibit "A" and rely upon its own expertise to determine that the disbursements made and out-of-pocket expenses incurred by the undersigned attorney are reasonable.

8) We also request that the Trustee be ordered to pay these fees from the funds available under the above captioned matter.

CASE NO.: 09-02021 SEK

PAGE 4

## NOTICE OF OPPORTUNITY FOR HEARING

**PLEASE TAKE NOTICE** that unless a party in interest files an objection to this application for fees and request for hearing in writing with the Clerk of the Court and with copy to the undersigned within TWENTY (20) DAYS from the date of this motion, this motion may be sustained by the court without further notice or hearing pursuant to Bankruptcy Rules and General Order 00-04. If the party in interest has no objection to the above motion, no action is needed to be taken.

**WHEREFORE** the undersigned attorney respectfully prays from the Court to take notice of the above and foregoing application and, after said notice and hearing, the requested compensation and reimbursements of expenses be advanced to Rafael Moreno García / Rosana Moreno Rodriguez in the amount requested for legal services rendered in the above captioned matter.

**In Carolina, Puerto Rico this December 16, 2010**

MORENO & MORENO LAW OFFICE
/s/ROSANA MORENO RODRIGUEZ
ATTORNEY FOR DEBTOR
USDC #221903
P.O. BOX 679
TRUJILLO ALTO, PR 00977
PHONE: (787) 750-8160 / 8166 (CAROLINA OFFICE)
FAX: (787) 750-8243
PHONE: (787) 287-4116 / 4117 (GUAYNABO OFFICE)
FAX: (787) 287-4111
EMAIL: moreno97@prtc.net
rosana.moreno@morenoandmorenolaw.com

**I HEREBY CERTIFY** that on this same date copy of this motion has been forwarded by electronic filing to the Chapter 13 Trustee of the case, and to the U.S. Trustee's office, and all other creditors as per the master list address of the case and/or the CM/ECF System.

## ITEMIZED DETAILS OF PERFORMED WORK IN CASE NO.: 09-02021 SEK

## RAUL RAMOS SILVA

- <u>**JULY 28, 2010**</u>                                                                         **0:50**

  ◦ Review Motion to Dismiss and letter to client.

- <u>**AUGUST 24, 2010**</u>                                                                    **0:50**

  ◦ Reply to Trustee's Motion to Dismiss and meeting with client.

- <u>**SEPTEMBER 15, 2010**</u>                                                           **0:50**

  ◦ Amended Schedules I & J.

- <u>**SEPTEMBER 15, 2010**</u>                                                           **1:00**

  ◦ Preparation of Motion for Post Confirmation Modification of Chapter 13 Plan.

- <u>**November 11, 2010**</u>                                                               **1:00**

  ◦ Preparation of Motion for Post Confirmation Modification of Chapter 13 Plan.

- **November 12, 2010**                                                                                                  **0:50**

    ◦ Attendance to hearing.

---

**TOTAL OF HOURS:  4:00 × $140.00 = $560.00**